### In re MARTIN.
### Patent Appeal No. 2882.

Court of Customs and Patent Appeals.
Feb. 1, 1932.

Paul Carpenter, of New York City (Brendan J. McCann, of Chicago, Ill., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming the rejection by the Examiner of claims 8, 10, 13, 14, 15, and 26 of appellant's application, filed on April 19, 1924; claims 1, 2, and 3 have been allowed.

Claims 10 and 26 are illustrative of the appealed claims, and read as follows:

"10. In a plug valve device, in combination, a tapered valve seat, a tapered valve adapted to seat thereon under spring action, each being shouldered whereby a chamber is formed for the reception of a packing member, and a packing member in said chamber adapted to move the valve off said seat against the tension of the spring."

"26. In a plug valve device, in combination, a casing having a tapered valve seat, a tapered plug valve adapted to engage said seat, the plug valve and seat being shouldered to form a recess for the reception of a packing member and a gland, said shoulders being formed at the smaller end of said plug valve, a spring for sealing said valve, a packing member engaging in said recess upon said shoulders, and a gland engaging said packing for retaining the same and for exerting pressure on said valve to move it off its seat."

The references relied upon are: Heijlman, 1,370,745, March 8, 1921; Martin, 1,456,326, May 22, 1923.

Appellant's alleged invention relates to valves, particularly of the type known as rotating plug valves. As applied to such last-named valves, a spring is provided that normally holds the valve to its seat; the upper ends of the plug and casing, respectively, are shouldered on substantially the same plane. A packing element overlies these shoulders to seal the joint between the plug and the casing. To compress this packing element, a collar is provided above the same, formed with projecting flanges having holes engaged by bolts, which bolts also pass through openings in a flange upon the body of the valve casing. By tightening the nuts upon these bolts, the packing may be compressed, and, if compressed sufficiently, the vertical thrust of the packing will lift the plug from its seat against the force of the spring in the lower chamber.

The Martin reference is a patent granted to appellant. With regard to that patent and the Heijlman reference, the Board of Appeals said:

"While the specification does not so state, the structure of the claims appealed involves an improvement or carrying forward of one of the features of applicant's prior patent above cited.

"In the patent applicant proposed, by exerting pressure on the packing 20 through its gland, to produce sufficient longitudinal movement of the valve to break it loose from its seat and permit its lubrication. The claims at bar are directed to the accomplishment of the same function, the alleged improvement residing in the provision of a shoulder on the plug whereby a more positive thrusting action may be communicated to the plug by longitudinal movement of the packing.

"This seems to us to be an obvious remedy for any lack of efficiency that might have been inherent in the patented structure. It is an old expedient to shoulder a valve plug for the reception of packing as shown by Heijlman and while the patent may not teach the efficacy of shouldering for applicant's particular purpose we believe this to be an inherent and obvious advantage of Heijlman's structure. It would obviously be possible by a proper manipulation of the glands of the Heijlman valve to effect a desired adjustment of the plug in accordance with the teachings of applicant's patent."

In the Examiner's statement in the record we find the following: " * * * Applicant has merely modified the Martin patent by providing the plug with a shoulder to receive the direct and full thrust of the packing instead of utilizing merely the vertical component of the thrust against a tapered surface, the functions of both structures, however, remaining the same. Heijlman, however, has shown that this variation is not new in the art since he shows the packing in the lower end of the valve casing seating on shoulders on both the plug and casing to seal the joint between the two and to effect a direct thrust on the plug to move it longitudinally, as brought out in lines 45 to 51, of page 2 of his specification. Consequently, to substitute this Heijlman packing arrangement for that of Martin does not involve any invention."

We are in accord with the views of the Patent Office tribunals above quoted. We

are of the opinion that the claims in issue involve nothing more than a substitution of a form of tapered plug and seat having shoulders, as disclosed by Heijlman, for the tapered plug and seat shown in appellant's patent, and that this substitution would be obvious to one skilled in the art as soon as any defect was disclosed in the functioning of appellant's patented packing arrangement. Therefore such substitution would not involve the exercise of the inventive faculty.

The decision of the Board of Appeals is affirmed.

Affirmed.